# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KRISTEN CARTER, # R67901, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 13-cv-01002-MJR |
|  | ) |  |
| WALKER, | ) |  |
| JANE DOE, | ) |  |
| JOHN DOE #1, and | ) |  |
| MR. DENSMORE, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Kristen Carter, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on how he was treated after he tripped and injured his left arm.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on January 23, 2013, Plaintiff was playing basketball and tripped over a loose floorboard, breaking his fall with his out-stretched arms. When he hit the floor, Plaintiff experienced extreme pain and approached C/O John Doe #1 in an attempt to secure medical care. In an effort to avoid having to fill out reports about the incident, C/O John Doe #1 told Plaintiff to wait until he returned to his housing unity from the gym to report his injury, leaving Plaintiff in pain. When Plaintiff eventually made it to the Health Care Unit for treatment, he was examined by Nurse Practitioner Jane Doe (presumably unrelated to John Doe #1). Nurse Practitioner Jane Doe had an x-ray taken and opined that there appeared to be a fracture, but it *could* be old, she could not tell. Plaintiff's arm was wrapped in an ace bandage,

and Nurse Practitioner Jane Doe refused to issue Plaintiff a medical lay-in permit and low bunk permit, so that he would not further injure his arm.

Without a lay-in permit, Plaintiff had to report to duty as a dish washer. Food Supervisor Walker and Dietary Manager Densmore threatened that if Plaintiff did not perform his job—using his injured arm—Plaintiff would face disciplinary action, which could result in Plaintiff going to segregation. The complaint alleges that Walker and Densmore knew or should have known that forcing Plaintiff to work would cause him "irreparable injury." According to Plaintiff, working with his left arm impeded the repair of the fracture, resulting in a deformed arm; he also suffers from severe depression and other unspecified mental injuries.

On February 1, 2013, Plaintiff was called back to the Health Care Unit and informed that he did, in fact, have a fractured arm. His arm was splinted and wrapped, but no hard cast was applied. Because a hard cast was not applied, Plaintiff contends he suffered more pain and his arm did not heal properly. Although lay-in and low bunk permits were authorized, "Defendants" did not actually give him a low bunk; Plaintiff continued to have to climb up to his top bunk, using his injured arm.

Plaintiff seeks compensatory and punitive damages.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: C/O John Doe #1 was deliberately indifferent to Plaintiff's serious medical needs when he did not get Plaintiff medical attention at the time of the injury on January 23, 2013, thereby violating the Eighth Amendment;**

> **Count 2:** Nurse Practitioner Jane Doe was deliberately indifferent in violation of the Eighth Amendment, and was also negligent, in her initial treatment of Plaintiff on January 23, 2013;
>
> **Count 3:** Food Supervisor Walker and Dietary Manager Densmore were deliberately indifferent to Plaintiff's serious medical needs when they threatened him with discipline if he did not work with his injured arm, in violation of the Eighth Amendment; and
>
> **Count 4:** On February 1, 2013, the Defendants were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment, and they committed medical malpractice when they did not cast Plaintiff's arm after confirming that it was fractured, and when they did not assign him to a low bunk, despite his low bunk permit.

## Discussion

### Count 1

As a preliminary matter, it must be noted that the complaint characterizes the incident involving C/O John Doe failing to secure medical attention after Plaintiff fell as not only presenting an Eighth Amendment deliberate indifference claim, but also as a Fourteenth Amendment due process violation. *If* Plaintiff were a detainee who had not yet been convicted, a Fourteenth Amendment claim would have been recognized in place of an Eighth Amendment claim. See *Cavalieri v. Shepard,* 321 F.3d 616, 620 (7th Cir. 2003) (the Eighth Amendment does not apply to pretrial detainees, who are entitled to at least the same protection under the Due Process Clause of the Fourteenth Amendment). However, because Plaintiff was not a pretrial detainee, no Fourteenth Amendment claim has been recognized by the Court. Any such claim should be considered dismissed with prejudice for failure to state a claim.

With respect to the Eighth Amendment claim, the Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials violate the Eighth

Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

As the Seventh Circuit recently reiterated, "[e]ven personnel who are not doctors are not permitted simply to ignore a detainee's plight, nor can they deliberately obstruct or delay a patient from receiving necessary treatment. *Smego v. Mitchell*, 723 F.3d 752, 757 (7th Cir. 2013) (internal citations omitted). However, a delay in providing medical attention to a non-life threatening condition may be deemed *de minis* and not actionable. The complaint does not reveal how much time passed before Plaintiff was assessed. The Court cannot determine at this juncture whether the delay is actionable and whether there was deliberate indifference; the length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment—as the situation appeared at the time, not in hindsight. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *Williams v. Liefer*, 491 F.3d 710, 716 (7th Cir. 2007).

Count 1 states a colorable Eighth Amendment claim against C/O John Doe #1 and shall proceed, provided C/O John Doe #1 can be identified for purposes of effecting service of process..

**Count 2**

Although the Eighth Amendment prohibits "deliberate indifference to serious medical needs" (*Estelle*, 429 U.S. at 104), a mere disagreement over the proper course of treatment is not an Eighth Amendment violation. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Nurse Practitioner Jane Doe treated Plaintiff; Plaintiff just disagreed with her tentative diagnosis,

course of treatment, and refusal to issue him lay-in and low bunk permits. There are no allegations suggesting deliberate indifference, and negligence is not actionable under Section 1983 (*Daniels v. Williams*, 474 U.S. 327, 328 (1986)). The Eighth Amendment claim in Count 2 will be dismissed with prejudice.

The allegations regarding Nurse Practitioner Jane Doe appear in the complaint under a heading that references due process and retaliation. As discussed relative to Count 1, the Fourteenth Amendment Due Process Clause is inapplicable to this situation. The First Amendment prohibits retaliation for the exercise of constitutionally protected rights, but there are no allegations in the complaint that would support such a claim. For these reasons no due process or retaliation claims have been stated relative to Count 2 and Nurse Practitioner Jane Doe. These claims will be dismissed with prejudice.

Finally, insofar as Plaintiff may have intended to raise his negligence claim under state law, that claim also fails. Where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho–Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). Although the Court would have jurisdiction over such a claim, there is another hurdle to clear.

Under Illinois law, "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," the plaintiff must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is

reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILCS § 5/2–622(a) (as amended by P.A. 90–579, effective May 1, 1998).[1] Plaintiff has not submitted the required affidavit; therefore, any state law claim against Nurse Practitioner Jane Doe fails and will be dismissed without prejudice.

Because no viable claims have been asserted against Nurse Practitioner Jane Doe, she will be dismissed as a defendant.

**Count 3**

Count 3 pertains to the allegations that Food Supervisor Walker and Dietary Manager Densmore threatened to discipline Plaintiff if he did not work with his injured left arm. These allegations do not support an Eighth Amendment claim.

Even personnel who are not doctors are not permitted simply to ignore a prisoner's plight. *Smego v. Mitchell*, 723 F.3d 752, 757 (7th Cir. 2013). However, Walton and Densmore, who are not alleged to have any medical training, are entitled to delegate to, and rely upon medical professions to evaluate and treat medical issues. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). During the relevant time period (prior to February 1, 2013) the Health Care Unit had not issued Plaintiff a lay-in pass to excuse him from work, so there was no reason for

---

[1] P.A. 94–677, effective August 25, 2005, which amended 735 ILCS § 5/2–622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010). As a result of *Lebron*, the previous version of the statute is now in effect. *See Hahn v. Walsh*, 686 F.Supp.2d 829, 832 n. 1 (C.D. Ill. 2010).

Walker and Densmore to believe Plaintiff was not physically fit for work. Therefore, the Eighth Amendment claim in Count 3 must be dismissed with prejudice.

The allegations regarding Walker and Densmore appear in the complaint under a heading that includes references to due process and retaliation. As discussed relative to Count 1, the Fourteenth Amendment Due Process Clause is inapplicable to this situation. And, as discussed relative to Count 2, the First Amendment prohibits retaliation for the exercise of constitutionally protected rights, but there are no allegations in the complaint that would support such a claim. For these reasons the due process or retaliation claims relative to Count 3 and Food Supervisor Walker and Dietary Manager Densmore shall be dismissed with prejudice. Walker and Densmore will be dismissed from this action.

**Count 4**

Count 4 alleges that "the Defendants" were deliberately indifferent to Plaintiff's serious medical needs and committed medical malpractice on February 1, 2013, when his fractured arm was splinted but no hard cast has applied, and when he was issued a low bunk permit but not assigned to a low bunk. Which of the four named defendants were personally involved in his treatment and bunk assignment is unclear. Moreover, the decision to apply a splint instead of a cast amounts to a mere disagreement over the proper course of treatment, which is not an Eighth Amendment violation. *Duckworth*, 532 F.3d at 679.

As explained relative to Count 2, the supplemental malpractice claim cannot proceed because the affidavits and reports required under 735 ILCS § 5/2–622 have not been filed.

Insofar as the allegations underlying Count 4 are also characterized by Plaintiff as a due process violation, any Fourteenth Amendment claim fails because, as discussed above, the Eighth, not the Fourteenth Amendment, is applicable to Plaintiff's medical claims.

All constitutional claims in Count 4 are dismissed with prejudice, while the malpractice claim is dismissed without prejudice.

### Pending Motion

Also before the Court is Plaintiff's motion for service of process at government expense (Doc. 2). Because Plaintiff has been granted pauper status (Doc. 5), the motion (Doc. 2) will be granted, consistent with 28 U.S.C. § 1915. However, because the name of sole defendant remaining in this action (C/O John Doe #1), service cannot be accomplished at this time.

Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Accordingly, Plaintiff will be given an opportunity to propound discovery requests aimed solely at identifying C/O John Doe #1. Ultimately, it is Plaintiff's responsibility to provide the Court with the name and service address for John Doe # 1.

In the interest of judicial economy, and in consideration of Plaintiff's recent parole and potential security concerns, Counsel will be appointed to represent Plaintiff solely for the purpose of conducting discovery to identify C/O John Doe #1; once the defendant has been identified and named in an amended complaint, counsel's appointment will be terminated.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 2, 3 and 4** are **DISMISSED** in all respects; as detailed in this Order, all constitutional claims in those counts are denied with prejudice, and supplemental negligence and malpractice claims are dismissed without prejudice. Accordingly,

Defendants **NURSE PRACTITIONER JANE DOE**, **FOOD SUPERVISOR WALKER**, and **DIETARY MANAGER DENSMORE** are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that only **COUNT 1** against Defendant **C/O JOHN DOE #1** shall proceed.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of process at government expense (Doc. 2) is **GRANTED**, although service cannot commence until **C/O JOHN DOE #1** is identified.

**IT IS FURTHER ORDERED** that, because the identity of **C/O JOHN DOE #1** is not known, service of process and referral of this case to a Magistrate Judge for pretrial proceedings will not occur until that defendant is identified.

**IT IS FURTHER ORDERED** that the Court **APPOINTS** Attorney **Yvonne Marie O'Connor** of the firm Rusin, Maciorowski & Friedman, 10 S. Riverside Plaza, Suite 1530, Chicago, Illinois 60606, to represent Plaintiff in this Court only. Counsel shall conduct only such discovery as may be necessary to ascertain the identity of **C/O JOHN DOE #1**, and if that person can be identified, counsel shall file an Amended Complaint naming that defendant. The Court should then be able to secure personal jurisdiction in this case and order service of process.[2] The Amended Complaint **SHALL BE FILED WITHIN THREE MONTHS** of the entry of this order **(on or before March 12, 2014)**. Failure to identify **C/O JOHN DOE #1** and file an Amended Complaint will result in the dismissal of the case.

Attorney O'Connor shall enter her appearance **on or before January 6, 2014**. Attorney O'Connor is welcome to share her responsibilities with an associate who is also admitted to

---

[2] The Local Rules of the Southern District of Illinois direct that every member of the bar of this Court "shall be available for appointment by the Court to represent or assist in the representation of those who cannot afford to hire an attorney." SDIL-LR 83.1(i).

practice in this district court.  **The Court will not accept any filings from Plaintiff individually while he is represented by counsel**, except a pleading that asks that he be allowed to have counsel withdraw from representation.  If counsel is allowed to withdraw at the request of Plaintiff, it is unlikely the Court will appoint other counsel to represent him.

Because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), **any unpaid out-of-pocket costs must be paid from the proceeds**.  *See* SDIL-LR 3.1(c)(1).  If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses. The funds available for this purpose are limited, and counsel should use the utmost care when incurring out-of-pocket costs.  In no event will funds be reimbursed if the expenditure is found to be without a proper basis.  The Court has no authority to pay attorney's fees in this case at this juncture.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 12, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**