### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KRISTEN CARTER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 13-cv-01002-MJR** |
| | ) | |
| OFFICER DARREN WILLIAMS, | ) | |
| OFFICER ROBERT KIDWELL,  and | ) | |
| WARDEN MARC HODGES, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Kristen Carter brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident while he was an inmate in Lawrence Correctional Center.  Carter has since been paroled. More specifically, he takes issue with the condition of the gym floor upon which he tripped and broke his arm, and the failure of correctional officers to timely secure medical care.

The original complaint was dismissed, but counsel was appointed to represent Plaintiff for the limited purpose of conducting discovery to discern the identity of a defendant and filing an amended complaint.  Counsel now filed an amended complaint on Plaintiff's behalf (Doc. 18).  Consistent with the terms of appointment, Plaintiff's counsel, Yvonne M. O'Connor, now moves to be relieved as counsel of record for Plaintiff (Doc. 20).

Before addressing attorney O'Connor's motion, the amended complaint must undergo preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

## The Amended Complaint

According to the amended complaint, on January 23, 2013, Plaintiff was playing basketball and tripped over loose carpeting on the gym floor, breaking his fall with his out-stretched arms.  When he hit the floor, Plaintiff experienced extreme pain and reported the fall and his need for medical care to the commanding officer in the gym, who was either Officer Williams or Officer Kidwell—both were present.  The officer told Plaintiff to wait until he returned to his housing unity from the gym to report his injury, leaving Plaintiff in pain.  X-rays subsequently revealed that Plaintiff had fractured his arm.

It is alleged that Williams and/or Kidwell exhibited deliberate indifference to Plaintiff's serious medical needs.  Both correctional officers are sued in their individual and official capacities for compensatory and punitive damages.

It is further alleged that Warden Hodges, who is charged with the safety of all inmates, allowed the dangerous condition of the gym flooring to exist, even though "it was well-known" that the carpet was loose, coming up and causing people to trip.  Also, as the supervisor of all prison personnel, Warden Hodges was responsible for ensuring that all correctional officers report injuries in a prompt fashion so medical care can be administered.  Plaintiff asserts that the incidents at issue in this case can be attributed to a lack of supervision and the absence of proper policies.  Warden Hodge is sued in his official capacity for compensatory and punitive damages.

Based on the allegations in the amended complaint, the Court finds it convenient to divide the *pro se* action into two counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**Count 1:   Officer Darren Williams and/or Officer Robert Kidwell were deliberately indifferent to Plaintiff's   serious medical needs when he did not get Plaintiff medical attention at the time of the injury on January 23, 2013, thereby violating the Eighth Amendment; and**

**Count 2:   Warden Marc Hodges allowed a known dangerous condition of confinement to exist, failed to supervise Lawrence Correctional Center employees, and failed to have policies that would ensure serious medical needs would be reported promptly, all in violation of the Eighth amendment.**

Although the amended complaint refers to Plaintiff's constitutional rights under the Fourteenth Amendment, the Court has construed the claims as asserting Eighth Amendment claims. At the time of the incidents Plaintiff was an incarcerated convict; therefore, the Eighth Amendment, not the Fourteenth Amendment is applicable.  *See Cavalieri v. Shepard,* 321 F.3d 616, 620 (7th Cir. 2003) (pretrial detainees are protected under the Due Process Clause of the Fourteenth Amendment); *see also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010) (those who have been convicted are protected under the Eighth Amendment).

**Discussion**

**Individual Capacity and Official Capacity**

Individual capacity suits seek to impose personal liability upon a government official for actions taken under color of state law—focusing on the constitutional torts of the individual official. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985).  Monetary damages are an available remedy for individual capacity claims.  *See, e.g., Burd v. Sessler*, 702 F.3d 429, 432 (7th Cir.

2012).    An individual capacity suit requires a showing of personal involvement by the government actor. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir.1995).  Official capacity suits, in contrast, are a way of suing the governmental entity of which the defendant official is an agent.  *Graham*, 473 U.S. at 166.  Liability stems from the execution of an official policy, practice or custom by a government official.  *See*, e.g., *Sow v. Fortville Police Dep't,* 636 F.3d 293, 300 (7th Cir.2011) (citing *Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985)).  However, the Eleventh Amendment precludes an award of monetary damages in an official capacity suit, including punitive damages, leaving declaratory and injunctive relief as possible remedies.  *See* 42 U.S.C. § 1981a(b)(1); *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010).

Count 1 is brought against Officer Williams and Officer Kidwell in their individual *and* official capacities for monetary damages.  The official capacity claims must be dismissed with prejudice, as monetary damages are unavailable, and injunctive and declaratory relief are not sought from these defendants.  The individual capacity claims against Williams and Kidwell for compensatory and punitive damages are viable.

Count 2 is brought against Warden Hodges *only* in his official capacity, seeking *only* monetary damages, *not* declaratory or injunctive relief.  As noted, monetary damages are unavailable in an official capacity suit.  Furthermore, the fact that Plaintiff has been released from prison calls into question whether the official capacity claim against Warden Hodges could proceed if Plaintiff were to amend the complaint to add a claim for injunctive relief.  Out of an overabundance of caution, Count 2 will be dismissed without prejudice.  Because Count 2 fails, Warden Hodges will be dismissed as a defendant, again without prejudice.

**Count1**

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). "Even personnel who are not doctors are not permitted simply to ignore a detainee's plight, nor can they deliberately obstruct or delay a patient from receiving necessary treatment. *Smego v. Mitchell*, 723 F.3d 752, 757 (7th Cir. 2013) (internal citations omitted). However, a delay in providing medical attention to a non-life threatening condition may be deemed *de minis* and not actionable. The length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment—as the situation appeared at the time, not in hindsight. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *Williams v. Liefer*, 491 F.3d 710, 716 (7th Cir. 2007).

Upon preliminary review, Count 1 states a colorable Eighth Amendment claim against Officer Williams and Officer Kidwell. Count 1 shall proceed.

**Pending Motion**

Also before the Court is attorney O'Connor's motion to be relieved of her appointment as counsel of record for Plaintiff (Doc. 20). Counsel was appointed for the convenience of the Court and in the interest of judicial economy. O'Connor has fulfilled the limited purpose of her appointment. Furthermore, although Plaintiff has never moved for the appointment of counsel,

the Court perceives that Plaintiff is capable of representing himself through trial.  For these reasons, the motion to terminate O'Connor's appointment as counsel of record for Plaintiff (Doc. 20) will be granted.

As the Court has previously stated, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds.  *See* SDIL-LR 3.1(c)(1).  If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses to attorney O'Connor. The funds available for this purpose are limited, and counsel should use the utmost care when incurring out-of-pocket costs.  In no event will funds be reimbursed if the expenditure is found to be without a proper basis.  The Court has no authority to pay attorney's fees in this case at this juncture.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 2 and Defendant WARDEN MARC HODGES** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that only **COUNT 1** against Defendants **OFFICER DARREN WILLIAMS** and **OFFICER ROBERT KIDWELL** shall **PROCEED**.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 18, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**